**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERARDO ANTONIO SANCHEZ-LEYVA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI FT. DIX,<br><br>Respondent. | Civil Action No. 24-6118 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Gerardo Antonio Sanchez-Leyva pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed responses to the petition (ECF No. 8), to which Petitioner replied. (ECF No. 9.) For the following reasons, the petition is denied.

**I.   BACKGROUND**

Petitioner is a convicted prisoner currently serving a federal sentence at FCI Fort Dix for various drug related charges. (ECF No. 8-2 at 2.) While serving his sentence, Petitioner contends that he earned 365 days of credit towards early supervised release, but was denied the ability to apply those credits due to what he contends is an "illegitimate" removal order. (ECF No. 1 at 6.) Petitioner did not raise this issue with prison officials or seek administrative relief, believing himself exempt from that requirement because he believes seeking relief would be futile as any

administrative appeal would take more time to resolve than he believes he should be required to serve in light of his FSA credits. (*Id.* at 6-7.)

Records provided by the Government, however, indicate that Petitioner was previously removed from the United States pursuant to a final order of removal on May 5, 2011. (*See* ECF No. 8-2 at 8.) On April 9, 2024, the Government reinstated that prior order of removal. (*Id.*) Thus, the record clearly demonstrates that Petitioner is subject to a final order of removal – his reinstated order through which he was previously removed. (*Id.*)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   DISCUSSION

In his current petition, Petitioner requests that this Court order the BOP to provide him with credits under the FSA which he believes he is being improperly denied solely because of an "unlawful expedited removal order." The record provided by the Government, however, shows that Petitioner's prior removal order was reinstated on April 9, 2024. Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and

2

the alien shall be removed under the prior order at any time after the reentry." Thus, under the statute, where an alien illegally re-enters after being removed, and the Government chooses to reinstate his prior order of removal, that order is considered final as of its original issue date, and is not subject to further challenge or review. As Petitioner was previously removed, re-entered the United States, and has had his original removal order reinstated, that order is already administratively final, and this Court has no authority in this habeas matter to review or consider the alleged "illegitimacy" of that order. *See, e.g.,* 8 U.S.C. § 1252(a)(5) (the sole means for review of a final order of removal is through a petition of review with the Court of Appeals, habeas courts have no authority to review or overturn a final order of removal).

As the record shows that Petitioner is subject to a final, reinstated order of removal, he is statutorily ineligible to apply any credits he may have accrued under the First Step Act. While the Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden,* No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). Because Petitioner's prior final removal order has been reinstated he is ineligible to earn or apply further credits under the First Step Act, and the BOP's denial of eligibility to apply FSA credits to Petitioner's sentence was mandatory under the Act itself. Thus, Petitioner's claim that he was improperly denied FSA credits is without merit and must be denied as such.

Finally, the Court notes that Petitioner did not even attempt to exhaust his claims in this matter before pursuing his claims through this habeas petition. Habeas petitioners are required to

exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). Here, Petitioner contends that exhaustion would be futile because he believes he is being required to serve time beyond the terms of his sentence. That claim, however, is refuted by the record – he is not being held over, and is instead statutorily barred from applying the credits in question, all of which results from his reinstated removal order. Exhaustion was thus not futile, and Petitioner's habeas petition would have been subject to dismissal for failure to exhaust even if it had not been meritless.

### IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge